1
2
3
4
5
6
7

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10

11   FEDERAL HOME LOAN MORTGAGE           )   Case No.: 1:13-cv-02100 - AWI - JLT
     CORPORATION,                         )
12                                        )   FINDINGS AND RECOMMENDATIONS
                        Plaintiff,        )   GRANTING PLAINTIFF'S MOTION FOR ENTRY
13                                        )   OF DEFAULT JUDGMENT
                  v.                      )
14                                        )
     GUADALUPE M. GONZALEZ, et al.,       )   (Doc. 35)
15                                        )
                        Defendants.       )
16   _____)

17          Plaintiff Federal Home Loan Mortgage Corporation (also known as "Freddie Mac") seeks

18   default judgment against Guadalupe M. Gonzalez; Saul Gonzalez; Olga Larios; David Alan Boucher;

19   Pedro Galvan; Presscott Roche, LLP; and "All Persons Unknown Claiming Any Legal or Equitable

20   Right, Title, Estate, Lien, or Interest in the Property Described in the Complaint Adverse to Plaintiff's

21   Title."[1]  (Doc. 35.)  Because the Court finds the matter suitable for decision without oral argument,

22   Plaintiff's request to waive live testimony is **GRANTED** and the motion is taken under submission

23   pursuant to Local Rule 230(g).

24          For the following reasons, the Court recommends Plaintiff's motion for entry of default

25   judgment be **GRANTED**.

26

27          _____
                    [1] Plaintiff erroneously filed the motion as an attachment to the application for waiver of live testimony.  The
28   motion for default judgment should have been docketed separately from the request to waive a hearing.  Plaintiff's counsel
     is again referred to the CM/ECF User's Manual available on the Court's website for tutorials regarding proper docketing.

## I.      Background

Plaintiff initiated this action by filing a complaint against Defendants on December 27, 2013, seeking declaratory relief related to the real property commonly known as 2207 Via Galleno Ct., Delano, California ("the Subject Property").  (Doc. 1.)  Plaintiff alleges that Freddie Mac acquired the Subject Property at a nonjudicial foreclosure sale, and seeks "to remove the cloud on title," and "establish that Freddie Mac is the fee simple owner of the Subject [Property]."  (*Id.* at 5.)

Defendants were served with the complaint, but failed to respond within the time prescribed by the Federal Rules of Civil Procedure.  Upon the application of Plaintiff, the Clerk entered default against Defendants.  (Docs. 8-9, 22-23, and 33-34.)  Thereafter, Plaintiff filed the application for default judgment now pending before the Court.  (Doc. 35-1.)   Plaintiff concurrently filed a Notice of Dismissals pursuant to Rule 41 of the Federal Rules of Civil Procedure, dismissing Plaintiff's claims of fraud and quiet title. (Doc. 35-2.)  Thus, the only causes of action remaining before the Court are the First, Second, and Third Causes of Action for declaratory relief and to remove cloud on title.

## II.      Legal Standards Governing Default Judgment

The Federal Rules of Civil Procedure govern the entry of default judgment.  After default is entered because "a party against whom a judgment for relief is sought has failed to plead or otherwise defend," the party seeking relief may apply to the court for a default judgment.  Fed. R. Civ. P. 55(a)-(b).  Upon the entry of default, well-pleaded factual allegations regarding liability are taken as true.  *Pope v. United States*, 323 U.S. 1, 22 (1944); *see also Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).  In addition, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

Entry of default judgment is within the discretion of the Court.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The entry of default "does not automatically entitle the plaintiff to a court-ordered judgment.  *Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1174 (C.D. Cal 2002), *accord Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).  The Ninth Circuit determined:

> Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of

money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  As a general rule, the issuance of default judgment is disfavored.  *Id.* at 1472.

### III.    Plaintiff's Factual Allegations[2]

Defendants Saul Gonzalez and Guadalupe Gonzalez "acquired a loan for $376,415 from America's Wholesale Lender, secured by a Deed of Trust" on or about March 3, 2006.  (Doc. 1 at 3, ¶ 14.)  "Defendant Larios acquired 2% of Saul V. Gonzalez' interest in the Subject Property through a Grant Deed,"  which was recorded on April 5, 2011 in the Kern County Recorder's Office as instrument number 0211044902.  (*Id.* at 4, ¶ 15; Doc. 1-3 at 1.)

"[O]n or about April 21, 2011, Defendant Presscott acquired Defendants Saul V. Gonzalez and Guadalupe Gonzalez' interest in the Subject Property through a Grant Deed." (Doc. 1 at 4, ¶ 16.)  This Grant Deed was recorded on July 21, 2012 in the Kern County Recorder's Office as instrument number 0212103752.  (Doc. 1-4.)

On September 5, 2011, "Freddie Mac acquired the Subject Property" at a nonjudicial foreclosure sale.  (Doc. 1 at 4, ¶¶ 17-18.) The Trustee's Deed Upon Sale was recorded on October 25, 2011 as instrument number 000211141207.  (Doc. 1-5.)

On February 22, 2012, Defendant Boucher, who "is not and never had been an authorized representative of Freddie Mac," executed a fraudulent grant deed that "purportedly conveyed away Freddie Mac's ownership interest in the Subject Property to Galvan." (Doc. 1 at 4, ¶¶ 19-20.)  This was recorded as document number 0212028166 with the Kern County Recorder's Office on March 2, 2012.  (Doc. 1-6.)  Freddie May did not receive "any consideration whatsoever for the sale of the Subject Property to Galvan or anyone else." (Doc. 1, ¶ 21.)

### IV.    Discussion and Analysis

Applying the factors articulated by the Ninth Circuit in *Eitel*, the Court finds the factors weigh in favor of granting Plaintiff's motion for default judgment.

---

[2] The factual assertions of Plaintiff are taken as true because default has been entered against Defendant.  *See Pope*, 323 U.S. at 22.

### A.     Prejudice to Plaintiff

The first factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and potential prejudice to the plaintiff weighs in favor of granting a default judgment.  *See Pepsico, Inc.*, 238 F. Supp. 2d at 1177.  Generally, where default has been entered against a defendant, a plaintiff has no other means by which to recover damages.  *Id.*; *Moroccanoil, Inc. v. Allstate Beauty Prods.*, 847 F. Supp. 2d 1197, 1200-01 (C.D. Cal. 2012).  Therefore, the Court finds Plaintiff would be prejudiced if default judgment is not granted.

### B.     Merits of Plaintiff's claims and the sufficiency of the complaint

Given the kinship of these factors, the Court considers the merits of Plaintiff's substantive claims and the sufficiency of the complaint together.  *See Premier Pool Mgmt. Corp. v. Lusk*, 2012 U.S. Dist. LEXIS 63350, at *13 (E.D. Cal. May 4, 2012).  The Ninth Circuit has suggested that, when combined, the factors require a plaintiff to "state a claim on which the plaintiff may recover."  *Pepsico, Inc.*, 238 F. Supp. 2d at 1175.

The Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations" of parties to a "case of actual controversy."  28 U.S.C. § 2201; *Spokane Indian Tribe v. United States*, 972 F.2d 1090, 1091 (9th Cir. 1992). The Court has the discretion to determine whether to entertain an action for declaratory relief, because the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."  *Public Affairs Assoc. v. Rickover*, 369 U.S. 111, 112 (1962); *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).  A declaratory relief claim operates "prospectively," not to redress past wrongs.  *Britz Fertilizers, Inc. v. Bayer Corp.*, 665 F.Supp.2d 1142, 1173 (E.D. Cal. 2009).

The Ninth Circuit determined that "[d]eclaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Eureka Fed. Sav. & Loan Assoc. v. American Cas. Co.*, 873 F.2d 229, 231 (9th Cir. 1989).  To determine whether a controversy invokes declaratory relief, the Court must determine whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil*

*Co.*, 312 U.S. 270, 273 (1941).

Here, there is a controversy regarding the title to the Subject Property.  Freddie Mac acquired the title to the Subject Property on September 15, 2011.  However, without being an authorized representative of Freddie Mac or having any lawful authority, Defendant Boucher issued a false grant deed which purported to convey away Freddie Mac's ownership interest in the Subject Property on February 22, 2012.  Indeed, Plaintiff reports Boucher has been "convicted for mortgage fraud arising from executing fraudulent grant deeds."  (Doc. 1 at 3, ¶ 8.)  Because Boucher lacked authority to convey away Plaintiff's interest, the entry of declaratory relief appears necessary to clarify the parties' rights to the Subject Property.

### C.    Sum of money at stake

Generally, when considering this factor, the Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct."  *Pepsico, Inc.*, 238 F.Supp.2d at 1176.  Here, Plaintiff seeks only declaratory relief.  Consequently, this factor does not weigh against the entry of default judgment.

### D.    Possibility of dispute concerning material facts

Here, there is little possibility of dispute concerning material facts because (1) based on the entry of default, the Court accepts allegations in Plaintiff's Complaint as true and (2) though properly served, Defendants failed to appear.  *See Pepsico, Inc.*, 238 F.Supp.2d at 1177; *see also Elektra Entm't Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists").  Therefore, this factor does not weigh against default judgment.

### E.    Whether default was due to excusable neglect

Generally, the Court will consider whether Defendants' failure to answer is due to excusable neglect.  *See Eitel*, 782 F.2d at 1472.  Here, Defendants were served with the Summons and Complaint, as well as the motion for default judgment.  (*See* Doc. 35-4.)  Given these facts, it is unlikely that Defendants' actions were the result of excusable neglect.  *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants

1   "were properly served with the Complaint, the notice of entry of default, as well as the papers in

2   support of the instant motion").  Accordingly, this factor does not weigh against default judgment.

3           **F.      Policy disfavoring default judgment**

4           As noted above, default judgments are disfavored because "[c]ases should be decided on their

5   merits whenever reasonably possible."  *Eitel*, 782 F.2d at 1472.  Here, however, the policy underlying

6   the Federal Rules of Civil Procedure favoring decisions on the merits does not weigh against default

7   judgment because Defendants' failure to appear before the Court and defend in this action makes a

8   decision on the merits impractical.

9   **V.      Findings and Recommendations**

10          The *Eitel* factors weigh in favor of granting default judgment, and the entry of default judgment

11  is within the discretion of the Court.  *See Aldabe*, 616 F.2d at 1092.  Further, the declaratory relief is

12  appropriate in this action.

13          Based upon the foregoing, **IT IS HEREBY RECOMMENDED**:

14          1.      Plaintiff's fourth and fifth causes of action for fraud and quiet title be **DISMISSED**

15                  pursuant to Plaintiff's Notice of Dismissal (Doc. 35-2);

16          2.      Plaintiff's application for default judgment (Doc. 35-1) be **GRANTED**;

17          3.      The Grant Deeds recorded as numbers 0211044902 and 0212103752 be determined to

18                  not cloud title to the Subject Property;

19          4.      The Grant Deed recorded on March 2, 2012 as document number 0212028166 be

20                  deemed void *ab inito* and cancelled *nunc pro nunc*; and

21          5.      Judgment be entered in favor of Plaintiff Federal Home Loan Mortgage Corporation

22                  and against Guadalupe M. Gonzalez; Saul Gonzalez; Olga Larios; David Alan Boucher;

23                  Pedro Galvan; Presscott Roche, LLP; and "All Persons Unknown Claiming Any Legal

24                  or Equitable Right, Title, Estate, Lien, or Interest in the Property Described in the

25                  Complaint Adverse to Plaintiff's Title.

26          These Findings and Recommendations are submitted to the United States District Judge

27  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local

28  Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen

days of the date of service of these Findings and Recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 15, 2015**                                    **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE